GEO. V. MORRIS *v.* DANIEL McROBERTS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—825.]

**Rights of a Surety Under Mortgage.**

Where a mortgage is taken to secure a debt which is also secured by a surety, and the surety is compelled to and does pay his principal's debt, the mortgage enures to the benefit of the surety, and in a court of equity he should be substituted to the rights of the creditor.

APPEAL FROM ROWAN CIRCUIT COURT.

March 8, 1883.

OPINION BY JUDGE PRYOR:

In this case there is no appearance for the appellees, and we perceive nothing in the record upon which to base an opinion affirming the judgment below. It appears that the land in controversy was sold under an execution issued upon a valid judgment and purchased by the appellee, who obtained a conveyance from the sheriff. This invested the appellant with title and the fact that he may have taken a mortgage to secure this debt did not preclude him from enforcing its payment after he obtained his judgment by levying upon and

selling the property of the surety. The mortgage taken may enure to the benefit of the surety, and in a court of equity the surety should be substituted to the rights of the creditor, the surety having paid the debt. This judgment being rendered in equity there is no reason why on the return of the cause the surety may not demand to be substituted to the rights of the mortgagee. As there is an infant defendant in this case the parties may be allowed on the return of the cause to amend their pleadings and such other proceedings as will determine the equities of the parties.

As this case is here presented the judgment must be *reversed* and cause remanded for proceedings consistent with this opinion.

*W. H. Cord, for appellant.*